Judy Parrish CARLSON, Appellant,

v.

STATE of Texas, Appellee.

No. 01–09–01030–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 2011.

Discretionary Review Refused
Aug. 24, 2011.

Jeff W. Purvis, Attorney at Law, Angleton, TX, for Appellant.

Trey D. Picard, Assistant District Attorney, Angleton, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

JANE BLAND, Justice.

A jury convicted Judy Carlson of knowingly authorizing the sexual performance of a child and assessed a sentence of ten years' confinement and a $10,000 fine. *See* TEX. PENAL CODE ANN. § 43.25(b) (Vernon 2005). This appeal arises from the trial court's denial of Carlson's motion to suppress videotapes containing nude images of Carlson's daughter C., her niece S., and their friend, all three of whom were under the age of eighteen at the time of their recording. In the motion, Carlson contended that the videos came into police possession as a direct result of theft, and therefore, article 38.23 of the Texas Code of Criminal Procedure prohibited their admission. *See* TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). Concluding that the trial court did not abuse its discretion in admitting the videotapes, we affirm.

## Background

For a three-year period beginning in 2004, when S. was fourteen years old, she lived intermittently with her cousin, C., and C's parents, Judy and Thomas Carlson. It was undisputed that S. had free access to the home during that period.

The Carlsons allowed the girls to drink alcohol and smoke marijuana. On occasion, after giving the girls alcohol and marijuana, Thomas directed and filmed the girls engaging in sexual and sexually provocative conduct. This first occurred in December 2004. Thomas kept two videotapes of these incidents.

When S. was seventeen and living with the Carlsons, she decided that she did not want them to have videotapes that contained her naked image. According to S., her uncle told her that he had stored the tapes in the attic. S. retrieved the videos from the Carlson home. The next day, she gave the videos to C. Then, the day after giving the tapes to C., S. went to the Lake Jackson Police Department to file an offense report. Sergeant H. Haywood received the report. S. told Sergeant Haywood that C. and S.'s employer, J.V., was holding the videotapes and gave him J.V.'s telephone number.

The trial court heard conflicting testimony as to how J.V. came to possess the videos. J.V. informed Sergeant Haywood that S. gave him the videos. S. however, testified that C. gave J.V. the videos, and C. claimed that J.V. removed the videos from her bag without permission while she was working.

In response to Sergeant Haywood's request for the videotapes, J.V. copied them onto a single VHS tape and mailed it to him. The State held both the original videotapes and the VHS copy by the time of trial.

In its order denying Carlson's motion to suppress the videotapes, the trial court found C.'s version of the events to be implausible and gave no credence to her testimony. Based on the other witnesses' testimony, the trial court concluded that the admission of the videotapes would not violate article 18.23 of the Texas Code of Criminal Procedure, which prohibits the admission of evidence secured by, among other criminal activity, theft. The trial court reasoned that S. could not effectively consent to allow the recording of her naked image because she was under the age of majority at the time, so that the images legally belonged to S. As a result, the trial court concluded, S. did not commit theft by retrieving property that rightfully belonged to her from a home that she was allowed to enter at will. Carlson re-urged her objection to the videotapes' admissibility before the parties' opening statements, and the trial court again overruled the objection.

## Motion to Suppress

*Standard of review*

■■■■ We review the trial court's ruling on a motion to suppress for abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex.Crim.App.2008). We view the evidence in the light most favorable to

the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex.Crim.App.2007) (quoting *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App.2006)). The trial judge is the "sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony." *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim.App.2007). The trial court may choose to believe or disbelieve any part or all of a witness's testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex.Crim.App. 1996) (citing *Allridge v. State*, 850 S.W.2d 471, 492 (Tex.Crim.App.1991)). We defer to a trial court's express or implied determination of historical facts, as well as to its application of law to fact questions if those questions turn on the evaluation of a witness's credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997). We sustain the trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex.Crim.App.2003) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex.Crim.App.2002)).

*Suppression under article 38.23*

■■■■ Carlson contends that the trial court abused its discretion in denying her motion to suppress because the videotapes that resulted in her conviction were illegally obtained by theft and, consequently, should have been excluded under article 38.23. *See* TEX.CODE CRIM. PROC. ANN. art 38.23. Article 38.23 forbids the admission of evidence seized by any person or officer when that evidence has been obtained in violation of the state or federal constitutions or in violation of state or federal law. *Id.* Thus, a court generally may not admit evidence against an accused that a private person has obtained by committing a crime. *Jenschke v. State*, 147 S.W.3d 398, 400 (Tex.Crim.App.2004). Under some

circumstances, however, a trial court may admit evidence that a private person acquired by conduct that violated a criminal law when that person turns over such evidence to law enforcement. *Id.*

A person commits theft when he unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2006). The Court of Criminal Appeals has held "that, when a person who is not an officer or an agent of an officer takes property that is evidence of crime, without the effective consent of the owner and with the intent to turn over the property to an officer, the conduct may be non-criminal even though the person has intent to deprive the owner." *Jenschke,* 147 S.W.3d at 402.

The record shows that S. filed a police report within forty-eight hours of retrieving the videotapes from the Carlson home. S. informed the police that the tapes had been given to a trusted intermediary and gave his contact information. J.V. promptly cooperated with the police department's request to provide the tapes. This evidence supports a reasonable inference that S. took the tapes with the intent to turn them over to a police officer. We therefore hold that S. did not commit a criminal act in taking the tapes. *Compare Jenschke,* 147 S.W.3d at 402–03 (holding that evidence did not show intent to turn over property to police officer where girl's mother broke into relative's car to obtain condom used in sexual assault on daughter, obtained private DNA testing, and unsuccessfully attempted to resolve issue among relatives before making contact with district attorney more than two years after breaking into truck) *with Krause v. State,* 243 S.W.3d 95, 104–05 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd) (concluding that trial court could have reasonably found that *Jenschke* au-

thorized complainant and his mother's conduct in entering appellant's RV and removing appellant's computer, external hard drive, and compact disks containing pornographic images of minors "in order to turn [them] over to the authorities").

■■■ Carlson also challenges the trial court's conclusion that no theft occurred because S. had an ownership interest in her own image. The term "owner" is broadly defined to protect all ownership interests from criminal conduct. *Freeman v. State,* 707 S.W.2d 597, 603 (Tex.Crim. App.1986). The Penal Code defines an "owner" as a person with title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(a)(35) (Vernon Supp.2010). "The issue of 'ownership' goes to the scope of the property interest protected by the law and is intended to protect all ownership interests in property from criminal behavior." *Freeman,* 707 S.W.2d at 603.

Carlson does not contest the fact that the videos contain images of child pornography. The Carlsons thus had no legal right to possess the videos. *See* TEX. PENAL CODE ANN. § 43.26 (Vernon 2003) (making a third degree felony knowing possession of videotape that visually depicts child younger than eighteen years of age). S., on the other hand, had an interest in possessing the underage, sexually explicit images that her uncle recorded without her effective consent in order to preserve her own privacy, report the incident to police, and prevent their further publication. The record supports the conclusion that S. had a right to possession of the videos. Thus, the trial court acted within its discretion in denying Carlson's motion to suppress.

## Conclusion

The trial court did not abuse its discretion in denying Carlson's motion to suppress. We therefore affirm the judgment of the trial court.