

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

Nos. 04-14-00004-CR, 04-14-00005-CR, 04-14-00006-CR, & 04-14-00007-CR

Devon Alexander **KANE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A1319, A1320, A1321, & A1332
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

This appeal stems from the trial court's denial of Appellant Devon Alexander Kane's motions to suppress photographs obtained on an unmarked, unlocked flash drive left in a classroom and discovered by employees of Schreiner University.  Kane subsequently entered pleas of guilty; the trial court deferred a finding of guilt and placed Kane on deferred adjudication probation for a period of ten years in each case.  We affirm the trial court's denial of Kane's motions to suppress for the following reasons: (1) Kane failed to establish a legitimate expectation of privacy in the

flash drive, and (2) Kane failed to establish that the evidence was obtained in violation of the law and thereby inadmissible under article 38.23 of the Texas Code of Criminal Procedure.

## FACTUAL BACKGROUND

On September 29, 2010, Kathleen Walker, the Director of Instructional Technology at Schreiner University, found an unmarked, black-colored flash drive in one of the campus classrooms. In an attempt to identify the owner of the flash drive, Walker inserted the flash drive into a computer on the university's computer network. Walker discovered documents belonging to Kane and also to another student. Walker continued examining the flash drive for something that would help identify the true owner. While looking through the flash drive's contents, Walker opened folders labeled "photos" and "music." Contained within these folders were pictures that Walker believed to be child pornography.

Walker immediately contacted Danny Flores, the university's Director of Security, and relayed her discovery and the identity of the student to whom she believed the flash drive might belong. Flores subsequently viewed the same documents on the flash drive before contacting Kerrville Police Officer Michael McDonald. The officers obtained a search warrant to search the contents of the flash drive and Kane was charged with possession of child pornography.

Kane filed two motions to suppress in each case, one based on Walker and Flores's search and one based on the search warrant, contending the unwarranted search of his flash drive violated his Fourth Amendment rights and constituted trespass. On December 18, 2013, following the trial court's denial of Kane's motions to suppress, Kane entered pleas of guilty and was sentenced to ten years deferred adjudication probation in each case. This appeal ensued. Because Kane's appellate briefs do not distinguish between the different motions, we address the motions simultaneously, including the arguments contained therein.

Because all of Kane's issues on appeal stem from the trial court's denial of his motions to suppress, we limit our discussion to the motions to suppress.

MOTIONS TO SUPPRESS

**A.      Standard of Review**

We review the trial court's denial of a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). A trial court's determination of historical facts will be given almost total deference, while the trial court's application of the law will be reviewed de novo. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court has the distinct advantage to make first-hand observations of a witness's demeanor during testimony on a motion to suppress; we, therefore, defer to the trial court's determination of "credibility of the witnesses and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *accord Valtierra*, 310 S.W.3d at 447; *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

**B.      Arguments of the Parties**

Kane asserts that the acts of Kathleen Walker and Danny Flores violated his Fourth Amendment rights, amounted to trespass, and violated section 33.02 of the Texas Penal Code; Kane also contends he had a reasonable expectation of privacy in the flash drive.

We address each assertion individually.

**C.    Analysis**

> *1.    Reasonable Expectation of Privacy*

>> a.    <u>Arguments of the Parties</u>

Kane contends that by storing information on a flash drive he manifested a reasonable expectation of privacy.  The State argues that Kane failed to demonstrate that merely storing information on a flash drive that is not password protected, not marked with personal identifiers, and not locked in a locked case, manifests a reasonable expectation of privacy.

Both parties agree that Walker and Flores were individual citizens and not working under the direction of law enforcement.  Kane contends that the exclusionary rule applies to illegal searches conducted by either law enforcement personnel or private citizens.  The State counters the exclusionary rule is inapplicable in this case because Kane's flash drive was effectively abandoned, or in the alternative, Walker and Flores took the flash drive with the intent to turn the drive over to law enforcement.

>> b.    <u>Proof of Reasonableness of an Alleged Expectation of Privacy</u>

"The purpose of both the Fourth Amendment and Article I, section 9 of the Texas Constitution is to safeguard an individual's legitimate expectation of privacy from unreasonable governmental intrusions."  *Rogers v. State*, 113 S.W.3d 452, 456–57 (Tex. App.—San Antonio 2003, no pet.) (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)).  To prevail on an alleged exclusionary rule violation, a defendant must first establish his standing to challenge the admission of the evidence obtained by proof that he had a legitimate expectation of privacy in the place invaded.  *See* TEX. CODE CRIM. PROC. ANN. art 38.23 (West 2005); *Villarreal*, 935 S.W.2d at 138; *see also Chavez v. State*, 9 S.W.3d 817, 819–20 (Tex. Crim. App. 2000).  "The Texas exclusionary rule applies to *illegal searches or seizures* conducted by law enforcement officers or 'other persons,' even when those other persons are not acting in conjunction with, or at

the request of, government officials." *Miles v. State*, 241 S.W.3d 28, 36 (Tex. Crim. App. 2007) (emphasis added). Importantly, "[o]nly those acts which violate a person's privacy rights or property interests are subject to the state . . . exclusionary rule." *Id.* at 36 n.33 (citing *Chavez v. State*, 9 S.W.3d 817, 822–23 (Tex. Crim. App. 2000) (Price, J., concurring)).

The defendant bears "the burden of proving facts establishing a legitimate expectation of privacy." *Villarreal*, 935 S.W.2d at 138 (citing *Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988)). "To carry this burden, the accused must normally prove: (a) that by his conduct, he exhibited an actual subjective expectation of privacy, i.e., a genuine intention to preserve something as private; and (b) that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable." *Villarreal*, 935 S.W.2d at 138 (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)).

     c.     <u>Analysis</u>

We first address Kane's subjective expectation of privacy and whether any such expectation was objectively reasonable.

     (1)     Kane's Subjective Expectation of Privacy

The Austin Court of Appeals' analysis in *Miller v. State*, 335 S.W.3d 847 (Tex. App.—Austin 2011, no pet.), is instructive. Miller, an officer with the Elgin Police Department, left his personal thumb drive in the department's patrol room computer after printing a copy of his daily activity report. *Id.* at 851, 856. The thumb drive was left attached to the computer located at the front desk of the patrol room and discovered by another officer attempting to use the computer. *Id.* at 851. The thumb drive did not have Miller's name or marks identifying the drive as Miller's. *Id.* One of the Elgin Police Department officers logged onto the computer and opened the drive in an attempt to return the thumb drive to its rightful owner. *Id.* In doing so, the officer found a photograph he considered pornographic and the thumb drive was turned over to his supervisor. *Id.*

The court found that Miller did not exhibit an actual subjective expectation of privacy. *Id.* at 854–55.

The court identified several factors in determining whether Miller possessed a subjective expectation of privacy. Miller had previously left the thumb drive in the patrol room which was accessible to other officers, city personnel, and citizens accompanied by officers. *Id.* at 855. Additionally, the thumb drive did not contain any identifying markers that would "necessarily identify the drive as [Miller's], *id.* at 853; and finally, Miller did not take any precautions to prevent others from accessing the information contained on the thumb drive, such as use of a password or encrypted data, *id.* at 855.

This case is factually similar to that of *Miller*. Walker found the flash drive in a public computer, in a classroom at Schreiner University. At a minimum, the classroom was available to other students, faculty, and staff of the University. The flash drive did not have any identifying marks suggesting the identity of its owner and was not password protected, encrypted, or locked. Moreover, unlike Miller, Kane did not testify during the hearing on the motions to suppress and did not provide testimony as to his subjective expectation of privacy.

We, therefore, conclude that the trial court could have reasonably concluded that Kane's conduct did not exhibit an actual subjective expectation of privacy in the flash drive. *Id.* at 855; *see also Villarreal*, 935 S.W.2d at 138.

Even assuming Kane possessed a subjective expectation of privacy, to establish a legitimate expectation of privacy, Kane also had to prove that his expectation was objectively reasonable under the circumstances. *See Miller*, 335 S.W.3d at 855; *see also Villarreal*, 935 S.W.2d at 138.

(2)     Objective Reasonableness of Kane's Expectations

The Texas Court of Criminal Appeals identified several factors that courts may consider in determining whether an individual's expectation of privacy is objectively reasonable:

(1)     whether the accused had a property or possessory interest in the place invaded;
(2)     whether he was legitimately in the place invaded;
(3)     whether he had complete dominion or control and the right to exclude others;
(4)     whether, prior to the intrusion, he took normal precautions customarily taken by those seeking privacy;
(5)     whether he put the place to some private use; and
(6)     whether his claim of privacy is consistent with historical notions of privacy.

*See Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002) (citing *Villarreal*, 935 S.W.2d at 138). "This list of factors is not exhaustive, however, and none is dispositive of a particular assertion of privacy; rather, we examine the circumstances surrounding the search in their totality." *Id.*

This court previously noted that these factors "are more applicable when discussing the expectation of privacy in a place than in discussing the expectation of privacy in a computer hard drive or even a closed container." *Rogers v. State*, 113 S.W.3d 452, 457 (Tex. App.—San Antonio 2003, no pet.). Although Kane did not testify at the hearing on the motions to suppress, there is sufficient evidence to support the trial court's conclusion that the flash drive belonged to Kane. *See Miller*, 335 S.W.3d at 855. Once again, *Miller* is instructive in analyzing the remaining factors. *See id.* at 855–56 (applying *Granados*, 85 S.W.3d at 223). Here, the trial court "could have reasonably inferred that in order to return the drive to [Kane], others must have taken temporary possession of the drive and possibly accessed it to ascertain whether it belonged to [Kane]." *Miller*, 335 S.W.3d at 856. Kane left the flash drive in a classroom and did not mark it with his name or other identifying information and did not password protect or take other precautions to prevent others from viewing the information. *See Granados*, 85 S.W.3d at 223; *Miller*, 335 S.W.3d at 856.

Thus, "[Kane] did not exercise complete dominion or control over the drive, at least during the times he had misplaced it." *Miller*, 335 S.W.3d at 856.

We conclude, like in *Miller*, that the trial court did not abuse its discretion in finding the circumstances did not rise to a level that any subjective expectation by Kane was objectively reasonable. *Id.*; *see also Villarreal*, 935 S.W.2d at 138.

(3)      Walker's and Flores's Intent in Taking Possession of the Flash Drive

Although the State argues the flash drive was abandoned, the trial court did not make such a finding. We, therefore, turn to Walker's and Flores's intent in taking possession of the flash drive. The court's analysis in *Jenschke v. State*, 147 S.W.3d 398, 399 (Tex. Crim. App. 2004), provides guidance. In *Jenschke*, after their teenage daughter reported being sexually assaulted by a relative, the parents broke into Jenschke's vehicle and retrieved a box that contained a used condom. *Id.* The parents took the box and an adult video out of the vehicle. *Id.* Over two years later, the parents turned the evidence over to law enforcement. *Id.*

The court explained that when an individual, acting in their individual capacity and not as "an officer or an agent of an officer[,] takes property that is evidence of crime, without the effective consent of the owner and with the intent to turn over the property to an officer, the conduct may be non-criminal even though the person has intent to deprive the owner." *Id.* at 402. However, when the victim's parents broke into the vehicle, they intended to deprive Jenschke of the property; they did not take the property with the intent to turn it over to law enforcement. *Id.* Therefore, the parents violated the law against burglary of the vehicle. *Id.* at 403. Because the parents took possession of the property with the intent to hold on to the property, and had not yet decided to turn the property over to law enforcement, the evidence was properly excluded. *Id.*

Walker's testimony was to the contrary. As university employees, both Walker and Flores were permitted to be in the classroom where the flash drive was left. Walker initially viewed the flash drive to identify the owner's identity. When she discovered the pornographic images, she immediately took the flash drive to Flores, the head of security. Walker's intent clearly changed from simply identifying the owner of the flash drive to turning over the flash drive to law enforcement based on its content that she believed were potentially illegal. After Flores reviewed the images, the flash drive was immediately turned over to law enforcement.

The evidence supports a reasonable inference that Walker, and subsequently Flores, took the flash drive with the intent to turn the evidence over to law enforcement. *See Jenschke*, 147 S.W.3d at 402; *Carlson v. State*, 355 S.W.3d 78, 80–81 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Krause v. State*, 243 S.W.3d 95, 104–05 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

### d.      Conclusion

The record supports that the trial court could have reasonably concluded that Kane's conduct did not exhibit an actual subjective expectation of privacy in the flash drive. *See Miller*, 335 S.W.3d at 855; *see also Villarreal*, 935 S.W.2d at 138. Additionally, we conclude Kane similarly failed to sustain his burden that any expectation he may have possessed was objectively reasonable. *See Miller*, 335 S.W.3d at 855; *see also Villarreal*, 935 S.W.2d at 138. Finally, even without the trial court's finding that the flash drive was abandoned, we cannot say the trial court erred in concluding that both Walker and Flores took the flash drive with the intent to turn the evidence over to law enforcement. *See Jenschke*, 147 S.W.3d at 402. We, therefore, overrule Kane's first two issues on appeal.

We next turn to Kane's issues associated with trespass and consent to search.

*2.        Trespass and Consent to Search*

a.        <u>Arguments of the Parties</u>

Kane asserts the searches conducted by Walker and Flores constituted trespass when they obtained information from his personal property without his permission and without a warrant. Kane contends that his failure to password protect the information on his flash drive, mark the flash drive with personal identification information, or store the flash drive in a locked container, as well as his leaving the flash drive unattended, did not amount to consent to search the flash drive.

The State counters that because Kane's abandonment of his flash drive was voluntary, no trespass was committed by either Walker or Flores.

b.        <u>Exclusion of Evidence Obtained in violation of Texas Penal Code section 33.02 - Breach of Computer Security</u>

Kane's argument relies on Texas Penal Code section 33.02's prohibition against a "person knowingly accesses[ing] a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE ANN. § 33.02(a) (West Supp. 2014). In this case, Kane contends the record does not support either actual consent or implied consent. *See Baird v. State*, 398 S.W.3d 220, 229 (Tex. Crim. App. 2013). Because Walker and Flores allegedly accessed Kane's flash drive without his effective consent, Kane asserts any evidence obtained through their actions was illegally obtained and should be suppressed pursuant to article 38.23 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.").

"If a defendant challenges the admissibility of evidence under this article on the ground it was wrongfully obtained by a private person in a private capacity, the defendant must establish that the private person obtained that evidence in violation of law." *Mayfield v. State*, 124 S.W.3d 377, 378 (Tex. App.—Dallas 2003, pet. ref'd) (citing *Carroll v. State*, 911 S.W.2d 210, 220 (Tex. App.—Austin 1995, no pet.)); *see also Baird v. State*, 379 S.W.3d 353, 357 (Tex. App.—Waco 2012), *aff'd*, 398 S.W.3d 220 (Tex. Crim. App. 2013); *Dipple v. State*, No. 05-12-00114-CR, 2013 WL 222277, at *1 (Tex. App.—Dallas Jan. 14, 2013, no pet.) (mem. op., not designated for publication). We must, therefore, determine whether Walker and Flores violated the law in obtaining the evidence in question.

### c. Analysis

We find the Dallas Court of Appeals' analysis in *Knepp v. State*, No. 05-08-00002-CR, 2009 WL 638249, at *3 (Tex. App.—Dallas Mar. 13, 2009, no pet.) (mem. op., not designated for publication), instructive. Knepp used his personal laptop for work purposes. *Id*. at *1. When he left his laptop unsecured, another employee attempted to set a new background image on Knepp's computer and accessed his "'my documents' folder to find a funny picture." *Id*. The pictures contained child pornography and Knepp's supervisor contacted the police. *Id*.

Knepp's co-worker testified that he followed office protocol by accessing a co-worker's unsecured computer and changing a setting to alert the owner that the computer had been left unsecured. *Id*. at *3. The court concluded that "[b]y leaving his computer open and unsecured, [Knepp] knew he was leaving it for his coworkers to access" and "the trial court could reasonably conclude that [the co-worker] had [Knepp's] effective consent to access the computer." *Id*. at *4.

This case is comparable. Walker testified that she routinely checked the computer lab and classroom for articles left by students or faculty and regularly discovered flash drives. She further

testified that doing so was part of her "standard operating procedure" and that the only reason she viewed the information on the flash drive was to facilitate returning the flash drive to its owner.

We conclude the trial court could have reasonably determined that by examining an unmarked and unlocked flash drive left in a common-use computer facility, Walker did not violate Texas Penal Code section 33.02 and that she had Kane's effective consent to access the flash drive. *Id*. Because Walker did not violate section 33.02, Kane failed to prove the evidence should have been excluded under article 38.23. *Mayfield*, 124 S.W.3d at 378.

We, therefore, overrule Kane's third and fourth issues on appeal.

## CONCLUSION

Having overruled each of Kane's issues, we affirm the trial court's denial of Kane's motions to suppress.

Patricia O. Alvarez, Justice

PUBLISH