**Opinion issued December 10, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00459-CR

————————————

## JOSE LEONEL OSEGUERA-VIERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1552246**

## O P I N I O N

After his motion to suppress evidence was denied, Jose Leonel Oseguera-Viera pleaded guilty to attempted possession of child pornography. *See* Tex. Penal Code § 43.26 (possession of child pornography); *Id.* § 15.01 (criminal

attempt). On appeal, he argues that the trial court erred in denying his dispositive motion to suppress. We affirm.

## Background

This case concerns an off-duty officer's discovery of pornographic videos when he looked through a phone in an attempt to ascertain its owner. Oseguera-Viera worked at a grocery store. During his shift, a customer found a cell phone and brought it to the store's security officer, who was an off-duty police officer. The officer asked the customer service manager to make an announcement about the phone over the store's speaker system. He then opened the phone, which did not have a lock or password, to attempt to ascertain its owner. He first checked the contacts for an emergency contact. Next, he looked for a name or email account name, but email had not been set up on the phone. He then opened the photo gallery to try to find a photo or "selfie" of the owner. Instead, he found what he suspected to be child pornography videos. Finally, he navigated to the text messages where information led him to believe that the owner's name was "Jose" and that he worked at the grocery store. He asked the customer service manager whether there was anyone by that name working at the store and learned that someone by the name was working as a parking lot attendant.

The officer went outside and found Oseguera-Viera. The two men began walking toward an employee-only area as the officer asked Oseguera-Viera if he

2

had a cell phone. Oseguera-Viera replied that he had one but had just lost it. He described the phone that the officer found, and the officer pulled the phone from his pocket. Oseguera-Viera acknowledged his ownership of the phone and cooperated with the ensuing police investigation. The officer recalled in his incident report that 15 minutes elapsed between when he received the phone and when he arrested Oseguera-Viera.

Oseguera-Viera was indicted for possession of child pornography. TEX. PENAL CODE § 43.26. At the hearing on the motion to suppress, neither side presented live witnesses. After reviewing the pleadings and accompanying documents and hearing argument from counsel, the court denied Oseguera-Viera's dispositive motion to suppress, stating that the cell phone was "lost property, abandoned property" and the officer searched the phone in an attempt to identify the owner. The State reduced the charge to attempted possession of child pornography. *See* TEX. PENAL CODE § 43.26 (possession of child pornography); *Id.* § 15.01 (attempted offense). Oseguera-Viera pleaded guilty, and the court deferred adjudication, placing him on five years' community supervision. This appeal followed.

**Denial of Motion to Supress**

On appeal, Oseguera-Viera contends that the trial court erred in denying his motion to suppress because the officer's search of the phone violated his constitutional rights and the Texas Penal Code.

## A.     Standard of Review

We review a trial court's ruling on a motion to suppress utilizing a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give almost total deference to the trial court's determination of historical facts, but we review de novo the court's application of the law to the facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). We review the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court fails to make explicit findings of fact, we imply fact findings that support the ruling so long as the evidence supports these implied findings. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). We will uphold the ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014).

## B.     Constitutional Violations

Oseguera-Viera asserts that his motion to suppress should have been granted because the evidence was obtained in violation of his rights under the federal and

state constitutions to be free from "unreasonable searches and seizures." *See* U.S. CONST. amend IV; TEX. CONST. art. I, § 9.

We first address whether Oseguera-Viera met his burden to establish that he had standing to challenge the admission of evidence from his cell phone. A person has standing to challenge the admission of evidence obtained by a governmental intrusion only if he had a "legitimate expectation of privacy" in the place subject to intrusion by the government. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *Villareal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The accused "has the burden of proving facts establishing a legitimate expectation of privacy." *Villareal*, 935 S.W.2d at 138. "To carry this burden, the accused must normally prove: (a) that by his conduct, he exhibited an actual subjective expectation of privacy, i.e., a genuine intention to preserve something as private; and (b) that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable." *Id.*; *State v. Granville*, 423 S.W.3d 399, 405 (stating a person must prove that he had a subjective expectation of privacy and that society is prepared to recognize that expectation as "reasonable" or "legitimate").

In general, a person has a subjective expectation of privacy in the contents of his cell phone, and this expectation of privacy is one society recognizes as reasonable and legitimate. *Granville*, 423 S.W.3d at 405–06. "Searching a person's

5

cell phone is like searching his home desk, computer, bank vault, and medicine cabinet all at once." *Id.* at 415; *see also Riley v. California*, 573 U.S. 373, 394 (2014) (holding that before searching a cell phone seized incident to an arrest, officers must generally obtain a warrant and stating that "[o]ne of the most notable distinguishing features of modern cell phones is their immense storage capacity"). However, a person may lose a reasonable and legitimate expectation of privacy in the contents of his cell phone under some circumstances. *Granville*, 423 S.W.3d at 409 (stating a person may lose the expectation in some circumstances, such as if he abandons the phone, lends it to others to use, or gives his consent to its search).

Even assuming Oseguera-Viera had exhibited a subjective expectation of privacy in the cell phone, the trial court did not abuse its discretion in finding that such expectation was not objectively reasonable under these particular circumstances. The Court of Criminal Appeals has held that the following factors are relevant to the court's determination of whether a person's subjective expectation of privacy was one that society was prepared to recognize as objectively reasonable:

  (1)   whether the accused had a property or possessory interest in the place invaded;

  (2)   whether he was legitimately in the place invaded;

  (3)   whether he had complete dominion or control and the right to exclude others;

6

(4)     whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy;

(5)     whether he put the place to some private use; and

(6)     whether his claim of privacy is consistent with historical notions of privacy.

*Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002) (citing *Villareal*, 935 S.W.2d at 138). "This list of factors is not exhaustive, however, and none is dispositive of a particular assertion of privacy; rather we examine the circumstances surrounding the search in their totality." *Id.* Although the above factors are more readily applicable to the expectation of privacy in a place rather than an object, courts have applied the factors to intangible objects. *See Miller v. State*, 335 S.W.3d 847, 855 (Tex. App.—Austin 2011, no pet.) (applying factors to a flash drive); *Rogers v. State*, 113 S.W.3d 452, 457 (Tex. App.—San Antonio 2003, no pet.) (applying factors to a computer hard drive).

Reviewing the factors in this case while giving appropriate deference to the trial court's factual determinations as we must, we hold that the trial court did not abuse its discretion in finding that Oseguera-Viera's subjective privacy interest was objectively unreasonable. The first factor supports Oseguera-Viera's position. He had a possessory interest in the cell phone. At the time of the search, he had

mislaid it, but he had not abandoned it.[1] But the other relevant factors weigh against a finding of objective reasonableness. When he left the phone in the entrance to the store, Oseguera-Viera no longer exercised dominion or control over it. It became available for a customer to pick up and take to the officer. The record also supports a finding that he did not take normal precautions to maintain his expectation of privacy. The phone was unlocked and did not have a passcode. He did not mark the phone with his name or information such that access would be unnecessary nor did he secure it locked on his person so that another person could not pick it up. Oseguera-Viera left the phone where any member of the public might pick it up, and he did not password protect it to limit another person's ability search through it to ascertain ownership. *See Lown v. State*, 172 S.W.3d 753, 761 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (concluding that appellant

---

[1] The State asserts on appeal that Oseguera-Viera abandoned the cell phone because he did not respond to an announcement over the speaker system in the grocery store that a phone had been found. The Fourth Amendment does not protect those who voluntarily abandon property. *Abel v. U.S.*, 362 U.S. 217, 241 (1960). But abandonment of property occurs only "if the defendant intended to abandon the property and his decision to abandon it was not due to police misconduct." *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997); *see Comer v. State*, 754 S.W.2d 656, 659 (Tex. Crim. App. 1986) ("[A]bandonment consists of two components: (1) a defendant must intend to abandon property, and (2) a defendant must freely decide to abandon the property."). There is no evidence that Oseguera-Viera heard the announcement and chose not to return for his phone. In this case, the record does not demonstrate that Oseguera-Viera intended to abandon his cell phone. *Cf Lopez v. State*, 512 S.W.3d 416, 424 (Tex. App.—Corpus Christi 2016, no pet.) (holding an employee of a fast food restaurant abandoned iPod after he accidentally left it in the restaurant's bathroom because, though he returned to work and knew the manager had the device, he did not claim it).

8

failed to show that his expectation of privacy was objectively reasonable because, among other reasons, "there is no evidence demonstrating that appellant took any precautions (such as encryption) to protect his privacy in the information contained on the computer system"). Whatever subjective expectation of privacy Oseguera-Viera may have had in the cell phone, his objective expectation of privacy was limited by the officer's ability to access it for the purposes of determining ownership. *See, e.g.*, *Brackens v. State*, 312 S.W.3d 831, 837 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (observing that "an individual's conduct or activity or the circumstances of the situation" may "significantly lessen the defendant's reasonable expectation of privacy by creating a reasonable foreseeable risk of intrusion by private parties").

Under these particular circumstances, the trial court could have reasonably inferred that in order to return the phone to Oseguera-Viera, others must have taken temporary possession of it and could access it briefly to ascertain its owner. *See Miller v. State*, 335 S.W.3d 847, 856 (Tex. App.—Austin 2011, no pet.) (stating trial court could reasonably infer that to return a flash drive left in computer room accessible to many, others must take temporary possession and possibly access it to determine the owner); *Kane v. State*, 458 S.W.3d 180, 185, (Tex. App.—San Antonio 2015, pet. ref'd) (stating court could infer individuals

with access to university classroom would access unlocked flash drive in order to ascertain ownership).

The record supports the trial court's implied finding that Oseguera-Viera did not have standing to challenge the officer's review of the phone because Oseguera-Viera did not have a reasonable expectation of privacy that would prevent someone from attempting to identify the phone's owner. *Story*, 445 S.W.3d at 732. We emphasize that our holding is limited to the facts and circumstances of this case. There was no live witness testimony. Therefore, the officer's account that he reviewed the photos for the purpose of identifying the phone's owner and that he looked through the phone for less than 15 minutes was unimpeached. In the absence of contradictory evidence, the trial court did not abuse its discretion in finding these actions reasonable. We do not decide today the extent to which an officer may review the contents of a cell phone to determine its owner. We cannot conclude that the trial court abused its discretion in denying Oseguera-Viera's motion to suppress the evidence obtained as a result of the officer's attempt to identify the phone's owner.[2]

---

[2] Other courts have held that a person's expectation of privacy is limited by another's ability to access a lost or mislaid object in order to find its owner. In *State v. Pidcock*, the Supreme Court of Oregon held that a briefcase was not abandoned because it was merely misplaced rather than deliberately left behind. The court nonetheless upheld the officer's examination of the contents of the case as a reasonable search undertaken in an effort to identify the owner. 306 Or. 335, 340, 759 P.2d 1092, 1095 (1988). The Supreme Court of Hawaii suppressed drugs

## C.     Statutory Exclusionary Rule

In his second issue, Oseguera-Viera asserts that his motion to suppress should have been granted because the evidence was obtained in violation of article 38.23 of the Texas Code of Criminal Procedure, which provides in relevant part that "no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas . . . shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. art. 38.23(a). Oseguera-Viera claims the officer committed a breach of computer security under section 33.02 of the Texas Penal Code, which provides that "[a] person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE § 33.02(a).

In denying the motion to suppress, the trial court implicitly found that the exclusionary rule did not apply because the officer acted with the intent to facilitate a legitimate law enforcement purpose, such as community caretaking. *Story*, 445 S.W.3d at 732; *Kelly*, 204 S.W.3d at 818. "It is a defense to prosecution under [section 33.02] that the person acted with the intent to facilitate a lawful seizure or

---

found as a result of a second search of a leather pouch, after the officer had found identification in his first search. *State v. Ching*, 67 Haw. 107, 112, 678 P.2d 1088, 1093 (1984) (search of cylinder attached to keychain went beyond the scope of a lost property inventory search).

search of, or lawful access to, a computer, computer network, or computer system for a legitimate law enforcement purpose." *Id.* § 33.02(e). The trial court stated that the officer discovered the evidence in the course of his effort to locate the owner of found property at a public business. Local police officers frequently engage in "community caretaking functions," totally divorced from the detection, investigation, and acquisition of evidence relating to the violation of a criminal statute. *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973). "As part of his duty to 'serve and protect,' a police officer may stop and assist an individual whom a reasonable person—given the totality of the circumstances—would believe is in need of help." *Wright v. State*, 7 S.W.3d 148, 151 (Tex. Crim. App. 1999). However, because the reasonableness of a community-caretaking action arises from its dissociation from ferreting out crime, "a police officer may not properly invoke his community-caretaking function if he is primarily motivated by a non-community caretaking purpose." *Corbin v. State*, 85 S.W.3d 272, 276–77 (Tex. Crim. App. 2002).

Whether the officer was motivated by a community caretaking purpose is a fact question that turns on credibility and demeanor on which we must defer to the trial court. *See Gonzales v. State*, 369 S.W.3d 851, 855 (Tex. Crim. App. 2012) (deferring to the trial court's determination of an officer's primary motivation for a community-caretaking stop when it was supported by the record because the issue

12

"depends so much on credibility and demeanor."). The officer's unimpeached report includes that he accessed the phone, including the contacts, photos, and text messages, in an effort to return it to its owner. Given that his account was uncontradicted by any other document or testimony, the trial court did not abuse its discretion in deciding that the officer was acting with a community-caretaking purpose and consequently, that his access of the phone was lawful. Because the officer did not violate section 33.02, Oseguera-Viera failed to prove the evidence should have been excluded under article 38.23. *Kane*, 458 S.W.3d at 188.

We overrule Oseguera-Viera's challenge to the denial of the motion to suppress.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Publish. TEX. R. APP. P. 47.2(b).