Brian Cheney MAYFIELD, Appellant

v.

The STATE of Texas, Appellee.

No. 05–03–00695–CR.

Court of Appeals of Texas,
Dallas.

Dec. 19, 2003.

Rehearing Overruled Feb. 6, 2004.

Richard C. McConathy, Irving, for Appellant.

William T. (Bill) Hill, Jr. and Charles Patrick Reynolds, Dallas, for the State.

Before Justices MOSELEY, MOLLY FRANCIS, and LANG.

## OPINION

MOLLY FRANCIS, Justice.

Brian Cheney Mayfield pleaded nolo contendere to driving while intoxicated and, as part of a plea bargain agreement, was sentenced to 180 days in jail probated for twenty-four months and an $800 fine. In one point of error, appellant complains the trial court erred in overruling his motion to suppress the results of a blood test taken by hospital personnel without his consent. We affirm.

Appellant was involved in a motorcycle accident that shut down six lanes of traffic on Beltline Road in Mesquite. When Mesquite police officer Jeffrey Smith arrived at the scene, appellant's motorcycle was on fire in the intersection and appellant was lying on the road being tended to by private citizens. Appellant was taken to the hospital by ambulance. Paramedics reported to Smith that they had smelled

alcohol on appellant's breath and believed he was intoxicated.

Smith went to the hospital and found appellant strapped to a backboard in the trauma room. He performed the HGN (horizontal gaze and nystagmus) evaluation on appellant and observed six clues of intoxication. He also noticed that appellant's speech was slurred and he smelled of alcohol. Smith believed appellant was intoxicated and asked him to submit a blood sample. Appellant refused, and Smith left the hospital. Smith did not request that appellant's blood be drawn. He also did not arrest appellant but continued his investigation and later filed the case.

Appellant testified he suffered a head injury in the motorcycle accident and was not in "very good condition" at the hospital. He was not in critical condition and was not in fear of losing his life. He refused Smith's request to give a blood sample and testified he did not sign any form giving consent to a doctor to take his blood. He acknowledged that having his blood drawn was part of his medical treatment. After three hours, appellant was released from the hospital with a prescription for ibuprofen.

Finally, the parties stipulated to evidence that Dr. James D'Etienne would testify as follows: D'Etienne ordered the drawing of the blood sample for medical treatment on appellant; appellant's blood was not drawn at the request of any peace officer or law enforcement personnel; and the order for the blood draw was a "routine part of medical treatment." D'Etienne did not recall obtaining consent from appellant to draw his blood, and no consent form was found in appellant's hospital records.

Appellant complains that the blood test results should be suppressed because the evidence was obtained in violation of law by a private party. Specifically, appellant argues the hospital committed an assault under Texas Penal Code section 22.01(a)(3) by drawing his blood without obtaining his consent and in the absence of any applicable statutory exception. Appellant argues the evidence is inadmissible pursuant to the statutory exclusionary rule, article 38.23 of the Texas Code of Criminal Procedure.

■ Article 38.23(a) provides in part:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2004). If a defendant challenges the admissibility of evidence under this article on the ground it was wrongfully obtained by a private person in a private capacity, the defendant must establish that the private person obtained that evidence in violation of law. *See Carroll v. State*, 911 S.W.2d 210, 220 (Tex.App.-Austin 1995, no pet.). If no violation of the law occurred, this statute does not apply. The issue here is whether the hospital committed an assault under section 22.01(a)(3) as asserted by appellant.

Section 22.01(a)(3) provides a person commits an assault if he "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PEN.CODE ANN. § 22.01(a)(3) (Vernon Supp.2004).

■ Initially, we note appellant has only asserted a violation of subsection (3) of article 22.01 and nothing more. He makes no attempt to argue or explain how the hospital knew or should have reasonably

believed that he would regard the physical contact involved in the drawing of blood as offensive or provocative. Appellant was taken to the hospital by ambulance for emergency treatment after a motorcycle accident. Appellant was bleeding, suffering a head injury, and not in "very good condition." By his own admission, appellant knew his blood was drawn for medical treatment yet, while he did not sign a consent form, there is no evidence that he ever indicated to any hospital personnel that he did not want his blood drawn. Under these circumstances, we cannot conclude the hospital knew or should have reasonably believed appellant would find routine medical treatment offensive or provocative contact, particularly in light of the fact that appellant was clearly capable of expressing his desire not to have blood drawn, as he did to the police officer. Because we conclude the trial court could have determined no violation of law occurred, article 38.23 does not require the evidence be suppressed. We overrule the sole point of error.

We affirm the trial court's judgment.