# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00648-CR

**Kenneth Sobaski, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 5040081, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Kenneth Sobaski guilty of burglary of a habitation, for which the court assessed a ten-year prison sentence. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). Appellant contends that the evidence is legally and factually insufficient to sustain the guilty verdict. He also asserts that he was denied a fair opportunity to litigate the issues raised in his motion to suppress evidence and that his trial counsel was ineffective. We overrule these contentions and affirm the judgment of conviction.

Bryan Bargsley testified that he owns a lake house on Lake Travis. On February 20, 2004, he arrived at the house to find that someone had entered his property during the previous week and stolen a large amount of property. Among the items stolen were television sets, air conditioners, pellet guns, a microwave oven, and a neon sign taken from the lake house; a boat motor, fishing

equipment, and auto supplies taken from several outbuildings; a refrigerator, stereo, and seats taken from a motor home parked on the lot; and a boat and trailer that were also on the property. Two sheriff's deputies, Michael Anderson and William Evans, responded to Bargsley's call reporting the burglary.

While the deputies were processing the crime scene, Bargsley began driving around the neighborhood looking for his stolen property. About five minutes away from his house, outside a mobile home on Oak Forest, he saw from the street what he believed was his boat motor leaning against a tree. Two men were standing outside the residence, one of whom was identified as appellant. Wanting to get a closer look at the boat motor, Bargsley parked in the street and walked up to appellant. Bargsley asked him if the boat motor, which he had visually confirmed was his, was for sale. Appellant told him it was not. As Bargsley was talking to appellant, he noticed his boat and trailer parked nearby. He also saw the seats and refrigerator that had been stolen from his motor home inside a red van parked outside the trailer house. Bargsley returned to his lake house and told the deputies what he had seen.

The deputies drove to the Oak Forest residence. They saw one man, later identified as Leslie Snow, standing in the yard. They approached Snow with their weapons drawn and temporarily handcuffed him while they verified his identity. While they were dealing with Snow, a woman who identified herself as Wanda Knox came to the door of the mobile home. The deputies testified that they did not point their weapons at Knox, but they did ask her to remain on the porch while they checked her identity. Knox told the deputies that she lived on the property with appellant, who is her son.

2

The deputies told Knox why they were there. They testified that she was very cooperative and expressed no opposition to Bargsley returning to claim his property. The deputies called Bargsley, who returned to the Oak Forest address and began identifying his stolen property. Deputy Anderson testified that he made a list four pages long. Among the items identified by Bargsley that night were the television sets, pellet rifles, microwave oven, and neon sign taken from inside his lake house.

Knox told the deputies that appellant had left in his red van about ten minutes before they arrived. The van was found abandoned three miles away. Property stolen from Bargsley's lake house was found in the van during a search conducted with appellant's written consent following his arrest.

Appellant contends that the evidence is legally and factually insufficient to sustain a conviction for burglary. He points to the absence of any evidence, such as fingerprints, placing him inside Bargsley's residence. He asserts that one of the other persons present when the stolen property was found could have been the burglar.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing

3

*Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

In a prosecution for burglary, the unlawful entry can be proven through circumstantial evidence. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. 1978). When there is independent evidence of a burglary, the defendant's unexplained personal possession of the recently stolen property will support an inference of guilt. *Tabor v. State*, 88 S.W.3d 783, 786 (Tex. App.—Tyler 2002, no pet.); *see Hardesty v. State*, 656 S.W.2d 73, 76-77 (Tex. Crim. App. 1983). In this cause, there is no dispute that Bargsley's lake house was burglarized. Property taken from the house was found in appellant's van a few days after the burglary was discovered. There is no evidence that appellant had an explanation for his possession of this property. Although it is possible that Snow or some other person was the burglar, it was for the trier of fact to weigh this possibility against the fact of appellant's possession of the stolen property. Applying the standards outlined above, we hold that the evidence is legally and factually sufficient to support the jury's verdict convicting appellant of burglary of a habitation. Points of error one and two are overruled.

Appellant's third point of error is that he was denied "a full and fair opportunity to litigate his suppression issues" in violation of his due process and statutory rights. Appellant filed a motion to suppress evidence after the jury had been selected and brought it to the court's attention after testimony began. Plainly, appellant is in no position to argue that he should have been afforded a pretrial hearing on the motion. *See* Tex. Code Crim. Proc. Ann. art. 28.01 (West 1989). In fact, even if the motion to suppress had been filed earlier, the trial court had the discretion to consider the motion during trial on the merits instead of at a pretrial hearing. *Calloway v. State*, 743 S.W.2d 645 (Tex. Crim. App. 1988).

Bargsley was the State's first witness. When he began to testify about his search for his stolen property, appellant objected and drew the court's attention to the suppression motion. The court permitted defense counsel to question Bargsley outside the jury's presence. During this voir dire examination, counsel adduced the fact that Bargsley is a Department of Public Safety employee (but not a peace officer), that he did not have a search warrant, and that he did not ask permission before entering onto the Oak Ridge property. Appellant then articulated three grounds for suppressing the evidence regarding the discovery of the stolen property: Bargsley was a state employee and therefore his conduct was state action under the Fourth Amendment; he did not have consent to enter; and his entry constituted an unlawful trespass. The court announced that it was overruling the motion to suppress. Counsel told the court that he had additional witnesses he wished to call on the issue of consent. The court told counsel, "You may proffer them when you choose." During appellant's subsequent cross-examination of the deputies, he established that they did not have search warrants when they went to the Oak Ridge address. He also adduced testimony from Knox to the effect that her consent to the officers' presence was not voluntary. She explained, "I was

5

under the impression that they already knew that Kenneth had done this. I was under the impression that they already knew everything, and I didn't know anything."

After both sides rested, appellant asked the court to instruct the jury to disregard unlawfully seized evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005). The request was refused. An article 38.23 instruction is required only if there is a factual dispute as to whether the evidence was lawfully obtained. *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004). If no violation of the law is shown, the statute does not apply. *Mayfield v. State*, 124 S.W.3d 377, 378 (Tex. App.—Dallas 2003, pet. ref'd).

Appellant asserts in his brief that he was "absolutely entitled" to an article 38.23 instruction, but he does not explain why. The only arguable factual dispute regarding the discovery and recovery of Bargsley's stolen property had to do with whether Knox consented to the entry onto her property. Consent is a recognized exception to the Fourth Amendment warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). But appellant makes no effort to demonstrate that he had a reasonable expectation of privacy in the unenclosed front yard of his mother's residence, in which property stolen from Bargsley could be seen from the street. And Bargsley was a private citizen to whom the Fourth Amendment does not apply.[1] *Walter v. United States*, 447 U.S. 649, 656 (1980).

Under article 38.23, evidence obtained by either an officer or a private citizen in violation of a state statute is inadmissible. *See State v. Johnson*, 939 S.W.2d 586, 588 (Tex. Crim.

---

[1] The suggestion that Bargsley's status as a state employee made his conduct state action was patently without merit. There is no evidence that he was acting as a state agent when he went looking for his stolen property.

App. 1996). There was, however, no evidence that Knox's yard was fenced or gated, or that either Bargsley or the deputies had notice that their entry into the yard to speak to the persons standing there was forbidden. Thus, there was no issue for the jury regarding trespass. *See* Tex. Pen. Code Ann. § 30.05 (West Supp. 2005). Finally, we note that there is no suggestion in the record or in appellant's brief that the search of his van and the recovery of stolen property found therein was unlawful. It is undisputed that this search was conducted with appellant's written consent.

Appellant did not timely seek a pretrial determination of his motion to suppress and the record does not support his contention that he was entitled to an article 38.23 instruction. His complaint that he was denied a fair hearing of his suppression issues is without merit. Point of error three is overruled.

Finally, appellant contends that his trial counsel rendered ineffective assistance. To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In cases such as this one in which the issue of counsel's performance was not the subject of a motion for new trial, the record on direct appeal is undeveloped and is rarely adequate to reflect the motives behind trial counsel's actions. *Id.*

Appellant faults trial counsel for having failed to object to the testimony regarding the theft of property not located in Bargsley's lake house. He contends that because he was on trial for burglary of a habitation, this testimony was inadmissible extraneous misconduct evidence. *See* Tex. R. Evid. 404(b). But it would not have been professionally irresponsible for counsel to believe that this testimony was relevant to identify appellant as the burglar by tying him to other property stolen at the same time. Or perhaps counsel considered the testimony to be same transaction contextual evidence. *See Mayes v. State*, 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991). The failure to make a rule 404(b) objection cannot, on this record, be considered an unprofessional act.

Appellant complains that his trial counsel should have filed a pretrial motion to suppress and that he waived appellant's entitlement to an article 38.23 instruction. The latter contention is easily dismissed because the instruction issue was preserved for appeal. And counsel's decision to wait until trial to challenge the admissibility of the evidence is matter of trial strategy that this Court will not second-guess on a silent record.

Appellant's last complaint is that counsel failed to understand that the unexplained possession of property recently stolen in a burglary will support an inference of guilt in the burglary. Appellant notes that his attorney argued to the jury that he had been shown only to have possessed the stolen property, and thus was not guilty of burglary. He also points to counsel's objection to the prosecutor's jury argument regarding unexplained possession of stolen property on the ground that this was a comment on appellant's failure to testify. Perhaps, however, counsel was fully aware of the inference arising from the unexplained possession of stolen property, but hoped that he could persuade a lay jury to find appellant not guilty in the absence of direct evidence that he entered the burglarized habitation. And in a related matter also mentioned by appellant, counsel's objection to

an instruction on theft as a lesser included offense may have been a strategic decision to go for an acquittal in light of the arguably thin evidence regarding entry.

Appellant has not demonstrated that his trial counsel's performance was outside the broad range of reasonable professional assistance. Point of error four is overruled.

The judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   April 27, 2006

Do Not Publish