Affirmed as Modified; Opinion Filed January 14, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

No. 05-12-00114-CR

---

**ERNEST WILLIAM DIPPLE, JR., Appellant**

V.

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 296th District Court
Collin County, Texas
Trial Court Cause No. 429-81809-10**

---

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Moseley

A jury convicted Ernest William Dipple, Jr. of aggravated sexual assault of a child, and

acquitted him of a separate charge of attempted aggravated sexual assault of a child. He asserts two

issues in this appeal: (1) the trial court abused its discretion by denying his motion to suppress

evidence, and (2) the judgment should be reformed to remove references to Dipple paying his court-

appointed attorney's fees.[1] The State asserts a single cross-point of error in which it argues the

judgment should reflect the trial judge was the Honorable Keith Dean rather than the Honorable John

Roach, Jr. The background and facts of the case are well-known to the parties; thus, we do not recite

---

[1] When he filed this appeal, Dipple also argued the evidence was insufficient to show the alleged offenses were committed in Collin County, Texas. At oral argument, Dipple waived this issue and we do not consider its merits.

them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify the trial court's judgment and affirm the judgment as modified.

In his first issue, Dipple argues the trial court erred by denying his motion to suppress incriminating email messages that the State used at trial. We review the trial court's denial of Dipple's motion to suppress for an abuse of discretion, *see Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011), giving the trial judge's factual findings "almost total deference" and viewing the evidence in the light most favorable to the trial judge's ruling, *see State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). We review the trial court's legal conclusion de novo unless the trial court's findings of fact (which must be supported by the record) are dispositive of the legal ruling. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

Dipple moved to suppress the email messages on the ground that his girlfriend who gave the emails to the police committed an offense, breach of computer security, by accessing his email without authorization[2] and, therefore, the State was prohibited from using the messages. *See* TEX. CODE CRIM. PROC. art. 38.23 (West 2005). Because Dipple challenged the admissibility of the email messages under article 38.23(a), Dipple bears the burden to establish his girlfriend illegally obtained the evidence. *See Mayfeild v. State*, 124 S.W.3d 377, 378 (Tex. App.—Dallas 2003, pet. ref'd).

Dipple was the only witness who testified at the hearing on his motion to suppress. After considering Dipple's testimony and the arguments presented by counsel for Dipple and the State, the trial court made the following findings of fact.

Dipple and Stephanie Blanchard, his girlfriend, lived together and had a child together.

---

[2] Penal code section 33.02(a) states: "A person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE ANN. § 33.02(a) (West Supp. 2012).

Dipple and Blanchard shared a computer, which Dipple rented for Blanchard in her name. He had password-protected email accounts with Yahoo! and Plentyoffish and those accounts had the same password. The trial judge stated: "As part of their relationship, they apparently had a discussion where Ms. Blanchard said that she would have to have access to the email messages to make the relationship work to develop trust and he allowed - - Mr. Dipple allowed her to know the password and view the email messages and expressed that he had nothing to hide."[3] Therefore, Blanchard had Dipple's "effective consent" to access the computer.

After reviewing the transcript from the hearing, we conclude the trial court's findings of fact are supported by evidence.

Dipple argues Blanchard did not have his consent to access his email accounts. To support this argument, Dipple points to his testimony from the suppression hearing—testimony the trial court did not include in its findings—that Blanchard was not allowed "general access to [his] email messages, no one other than himself had "unlimited access" to his accounts, and Blanchard was only permitted to view the email messages if he was sitting next to her. While Dipple's testimony that Blanchard did not have unlimited or general access to his accounts might support his argument that the email messages should be suppressed, the trial judge was the sole trier of fact and judge of Dipple's credibility and the weight to be given to his testimony at the hearing on the motion to suppress. *See Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). The trial judge was

---

[3] Dipple testified: "we were together and [Blanchard] was basing our relationship on whether she could see the emails or not. And she goes, 'To make this work - - I want to make this relationship work but I don't trust you.'" Additionally, when the trial judge questioned Dipple, Dipple testified:

THE COURT: Okay. So did you give her your password, or would you just enter the password and let her look at them or both?
A. She was sitting next to me and I entered the password.
THE COURT: So she knew what your password was?
A. Yes, sir. I had nothing to hide, sir.
THE COURT: Okay.
B. As far as I knew.

entitled to disregard this testimony in Dipple's favor.

Dipple has not carried his burden to show the email messages were wrongfully obtained. His testimony—which the trial court did not credit—that Blanchard did not have unlimited or general access to his accounts is not sufficient. Rather, the evidence shows Dipple gave Blanchard access to his accounts in exchange for her agreement to continue their relationship and because he "had nothing to hide." Because the trial court's conclusion that Blanchard had Dipple's effective consent to access his accounts is supported by the record, the trial court did not err by denying Dipple's motion to suppress. We overrule Dipple's first issue.

Each party seeks to modify the judgment. In his third issue, Dipple asserts the trial court erred by taxing Dipple's attorney's fees against Dipple as court costs because Dipple was found indigent and the record does not show his financial status changed. *See* TEX. CODE CRIM. PROC. art. 26.04(p), 26.05(g). The State agrees and we sustain Dipple's third issue. Likewise, the State asserts the judgment should be modified to reflect the trial judge was the Honorable Keith Dean rather than the Honorable John Roach, Jr. At oral argument, Dipple's counsel conceded this point. We sustain the State's sole cross-issue.

Having resolved Dipple's two issues and the State's single issue, we modify the trial court's judgment to delete Dipple's obligation to pay court costs in the amount of $161.00 and to reflect the Honorable Keith Dean was the trial judge. As modified, the trial court's judgment is affirmed.

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120114F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ERNEST WILLIAM DIPPLE, JR.,
Appellant

No. 05-12-00114-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 296th District Court of
Collin County, Texas. (Tr.Ct.No. Cause No.
429-81809-10).
Opinion delivered by Justice Moseley,
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that the Honorable Keith Dean was the presiding judge. The judgement is further **MODIFIED** to delete appellant Ernest William Dipple, Jr.'s obligation to pay $161.00 in court costs.

As modified, the judgment is **AFFIRMED**.

Judgment entered January 14, 2013.

_____
JIM MOSELEY
JUSTICE