PD-0321&0322&0323&0324-15

PD-0321&0322&0323&0324-1
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/25/2015 7:51:47 AM
Accepted 3/26/2015 11:07:50 AM
ABEL ACOSTA
CLERK

Cause Nos. A-13-19; A-13-20; A-13-21; and A-13-22

## IN THE COURT OF CRIMINAL APPEALS

## OF TEXAS

| | | |
|---|---|---|
| **DEVON ALEXANDER KANE** | § | **APPELLANT** |
| | § | |
| **V.** | § | |
| | § | |
| **THE STATE OF TEXAS** | § | **APPELLEE** |

Petition in Cause Nos. A-13-19; A-13-20; A-13-21; and A-13-22
from the 216th Judicial District Court of Kerr County, Texas,
And Appeal Nos. 04-14-00004-CR, Nos. 04-14-00005-CR Nos. 04-14-00006-
CR Nos. 04-14-00007-CR from the Fourth Court of Appeals District of Texas

## PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

March 26, 2015

ABEL ACOSTA, CLERK

The Law Office of Patrick O'Fiel, P.C.
Patrick O'Fiel
The Schreiner Building
200 Earl Garrett, Ste. 206
Kerrville, Texas 78028
Phone:  (830) 792-5291
Fax:      (830) 257-9852
Email:  patrick@ofiellaw.com
Attorney for Appellant

**ORAL ARGUMENT REQUESTED**

## INDENTITIES OF PARTIES AND COUNSEL

**Devon Alexander Kane, Appellant**

**Patrick O'Fiel, Attorney for Appellant at Trial and on Appeal**
The Law Office of Patrick O'Fiel, P.C.
Texas Bar No. 24304606
The Schreiner Building
200 Earl Garrett, Ste. 206
Kerrville, Texas 78028
Phone:  (830) 496-1257
Fax: (830) 257-9852
Email:  patrick@ofiellaw.com

**State of Texas, Appellee**

**Bruce Curry, 216th District Attorney, Attorney for Appellee**
216th District Attorney's Office
Texas Bar No. 05268500
The Schreiner Building
200 Earl Garrett, Ste. 202
Kerrville, Texas 78028
Phone:  (830) 896-4744
Fax:  (830) 896-2620
Email:  216thda@bizstx.rr.com

**Hon. N. Keith Williams**
216th Judicial District Court
700 Main Street
Kerrville, Texas 78028

**Hon. Rebecca C. Martinez**
**Hon. Patricia O. Alvarez**
**Hon. Luz Elena D. Chapa**
Fourth Court of Appeals
300 Dolorosa Street, 3rd Floor
San Antonio, Texas  78205

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL……………………………...…..2

TABLE OF CONTENTS…………………………………………………..3

INDEX OF AUTHORITIES…………………………………………….5

STATEMENT REGARDING ORAL ARGUMENT..……………...……..7

STATEMENT OF THE CASE…………..………………………..…… 7

STATEMENT OF PROCEDURAL HISTORY………………….…...…..8

GROUNDS FOR REVIEW….…………………………..……….….…8

ARGUMENT…………………….…..………………………...…..…..9

### Ground Number One
The Court of Appeals erred in holding that Appellant did not have an expectation of privacy his unattended flash drive.

### Ground Number Two
The Court of Appeals erred in holding that the actions of a private person in searching the Appellant's flash drive was excused under a law enforcement purpose exception provided by *Jenschke v. State* by holding an illegal search of one's property for identification is akin to excepting an illegal seizure if the purpose is to provide the evidence to law enforcement.  147 S.W.3d 398 (Tex. Crim. App. 2004).

### Ground Number Three
The Court of Appeals erred in holding that search of the Appellant's flash drive was not a violation of Texas Penal Code section 33.02 (Breach of Computer Security).

**Ground Number Four**
The Court of Appeals erred in not addressing whether a search of Appellant's flash drive was a prohibited "trespassory" search of the kind prohibited by *United States v. Jones.* 132 S. Ct. 945 (2012).

PRAYER……………………………………………………….……17

CERTIFICATE OF SERVICE……………………………………...………18

CERTIFICATE OF COMPLIANCE.………………………….………..18

APPENDIX………………………………………………….………19

# INDEX OF AUTHORITIES

## CASES

*Jenschke v. State,* 147 S.W.3d 398 (Tex. Crim. App. 2004)…..……….3, 9, 13-14

*Kane v. State*, 2015 Tex. App. LEXIS 1291 (Tex. App. San Antonio)…..….8, 19

*Katz v. United States*, 389 U.S. 347, 351, (1967)……………………..…..…….16

*Knepp v. State*, No. 2009 WL 638249 (Tex. App.—Dallas March 13, 2009, no pet.)…………………………………………………………………………..15

*Miller v. State*, 335 S.W.3d 847 (Tex. App—Austin, 2011)………………10, 11

*State v. Granville*, 373 S.W.3d 218, 223 (Tex. App. Amarillo 2012)…..…….11-12

*State v. Granville*, 423 S.W.3d 399, 405-406 (Tex Crim. App. 2014)…………………………………………………………………………..11-12

*United States v. Jones*, 132 S. Ct. 945 (2012)………………….....…..…….4, 9, 16

## STATUTES

Tex. Code of Crim. Proc. 38.23………………….…..………………………….15

Tex. Pen Code § 33.02……………….…..……………..………..3, 9, 15

## RULES

Tex. R. App. P. 66.3(a), (b), (c), and (f)……………..……………………….10

Tex. R. App. P. 68.2(a)……………………….…………………………………….8

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

Devon Alexander Kane, petitions this Court to review the judgment affirming the denial of his Motion to Suppress in Cause Nos. A-13-19; A-13-20; A-13-21; and A-13-22.

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant, Devon Alexander Kane, request oral argument before the Court of Criminal Appeals of Texas, because oral argument will assist the Court with regard to whether an unattended flash drive may be legally searched.

## STATEMENT OF THE CASE

This case is an appeal of an Order Denying Defendant's Motions to Suppress in Cause Numbers A-13-19; A-13-20; A-13-21; and A-13-22 from the 216th Judicial District Court of Kerr County, Texas. The Appellant was indicted for Possession of Child Pornography on March 7, 2011 in all causes. (CR at 30)[1]. On April 29, 2013, Appellant filed a Motion to Suppress-Search performed by Kathleen Walker and Danny Flores and a Motion to Suppress-Search Warrant (hereinafter referred to collectively as "Motion to Suppress"). (CR at 79-88). On July 1, 2013, the trial court denied Appellant's Motion to Suppress. (CR at 93-95). On December 18, 2013, Appellant entered into a plea bargain agreement, reserving his right to appeal his pre-trial motions, for ten

---

[1] All references to the clerk's record are referring to appellate Cause No. CR-14-0004.

7

years deferred adjudication in each cause. (CR at 143-150, 169-176). Notice of Appeal was filed on December 20, 2013 (CR-161-162). The Court of Appeals for the Fourth Court of Appeals District of Texas affirmed the trial court's denial of Appellant's Motion to Suppress on February 11, 2015, in an opinion designated for publication.

## STATEMENT OF PROCEDURAL HISTORY

A three-justice panel of the Fourth Court of Appeals rendered its opinion on February 11, 2015. 2015 Tex. App. LEXIS 1291 (Tex App. San Antonio). The Appellant filed a Motion for Rehearing on February 18, 2015. The Fourth Court of Appeals denied the Appellant's Motion for Rehearing on February 24, 2015. Pursuant to Rule 68.2(a) of the Texas Rules of Appellate Procedure, this petition is filed with the clerk of the Court of Criminal Appeals within thirty days after the denial of the Motion for Rehearing.

## GROUNDS FOR REVIEW

**Ground Number One:**

The Court of Appeals erred in holding that Appellant did not have an expectation of privacy his unattended flash drive.

8

**Ground Number Two:**

The Court of Appeals erred in holding that the actions of a private person in searching the Appellant's flash drive was excused under a law enforcement purpose exception provided by *Jenschke v. State* by holding an illegal search of one's property for identification is akin to excepting an illegal seizure if the purpose is to provide the evidence to law enforcement. 147 S.W.3d 398 (Tex. Crim. App. 2004).

**Ground Number Three:**

The Court of Appeals erred in holding that search of the Appellant's flash drive was not a violation of Texas Penal Code section 33.02 (Breach of Computer Security).

**Ground Number Four:**

The Court of Appeals erred in not addressing whether a search of Appellant's flash drive was a "trespassory" search of the kind prohibited by *United States v. Jones.* 132 S. Ct. 945 (2012).

## ARGUMENT

*Reasons for Granting Review*

It would assist the bench and bar of this State if this Court grants this petition because in deciding that accessing one's computer files without the

owner's consent is not an illegal search nor prohibited by Texas law, the United States Constitution or Texas Constitution, the Court of Appeal's:

a. decision conflicts with other court of appeals decisions on the same issue. Tex. R. App. P. 66.3(a)

b. has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. 66.3(b)

c. has decided an important question of state and federal law in a way that conflicts with an applicable decision of the Court of Criminal Appeals. Tex. R. App. P. 66.3(c).

d. decision failing to address an issue on appeal is departing from the accepted and usual course of judicial proceedings. Tex. R. App. P. 66.3(f).

*Ground Numbers One – Expectation of Privacy*

The Court of Appeals relies heavily on the holdings in *Miller v. State* for its conclusion that the Appellant did not prove he had an expectation of privacy in the contents of his flash drive. 335 S.W. 3d 847 (Tex. App.—Austin, 2011). The Appellant would argue that reliance on *Miller* is misplaced. *Id.* In *Miller*, the court of appeals relied on findings that showed the appellant consented to a search of the drive by his co-workers, left the drive in a work computer, and on

multiple occasions misplaced the drive. *Id.* at 854-855. In this case before the Court, the drive was unattended on one occasion, no consent was given by anyone to anyone to access the drive for any purpose, and the drive was located on a university where it is against its written policy for students and faculty to access the computer of another. (II RR at 38, 74), (III RR at 62-64) referring to (II RR at 52-53). The lack of consent and reliance by the Appellant on the university's written policy distinguishes this case from *Miller* and is decisive in proving the Appellant had a subjective expectation of privacy in the contents of his flash drive.

Further, Appellant would argue that this Court's opinion in *State v. Granville* and the Amarillo's Court of Appeals reasoning in *Granville v. State* address the expectation of privacy as it relates to electronic data. 423 S.W. 399 (Tex. Crim. App., 2015) and 373 S.W.3d 218 (Tex. App. Amarillo 2012). The Amarillo Court of Appeals held cell phones, like flash drives,

> "[i]ndeed, they liken to mini-computers or laptops, capable of opening, in many respects, the world to those possessing them. In addition to seeking out information deemed important to its owner, cell phones have the capability of memorializing personal thoughts, plans, and financial data, facilitating leisure activities, pursuing personal relationships, and the like. Due to the abundance

11

of programs or "apps" available, users also have the ability to personalize their phone; it is not farfetched to conclude that a stranger can learn much about the owner, his thought processes, family affairs, friends, religious and political beliefs, and financial matters by simply perusing through it. That such matters are intrinsically private cannot be reasonably doubted. The importance and private nature of such information has also led to the development of passwords, encrypted programs, and like security measures to prevent its disclosure. Given this, we cannot but hold that a person has a general, reasonable expectation of privacy in the data contained in or accessible by his cell, now "smart," phone." And that expectation is subject to protection under both the Fourth Amendment of the United States Constitution and article 1, § 9 of the Texas Constitution. *State v. Granville*, 373 S.W.3d 218, 223 (Tex. App. Amarillo 2012)."

The Texas Court of Criminal Appeals in affirming the court of appeals in *Granville* provided:

"Courts have held that (1) a person has a subjective expectation of privacy in the contents of his cell phone, and (2) this expectation of

12

privacy is one that society recognizes as reasonable and legitimate."

423 S.W.3d 399, 405-406 (2014).

The ruling of the Court of Appeals decision conflicts with this Court's and other court of appeals decisions regarding the expectation of privacy. Appellant would argue that this Court and other court of appeals reasons for finding an expectation of privacy in a cell phone, due to it being storage of private information, should not differ in application to a flash drive which is utilized for the same purpose in storing information. This application is important question of state and federal law that needs and should be settled by this Court.

*Ground Number Two– Jenschke Exeception*

The Court of Appeals erred in relying on this Court's analysis in *Jenschke v. State,* 147 S.W.3d 398 (Tex. Crim. App. 2004). The Court of Appeals acknowledges that the search of the drive was to identify the owner, which was accomplished, and a further search of the drive continued. 2015 Tex. App. LEXIS 1291, 2 (Tex. App. San Antonio Feb. 11, 2015). The purpose of the search was identification, to some extent; however, it was never alleged to be for the purpose of turning over the drive or its contents to law enforcement. This Court held in *Jenschke v. State*:

"[w]hen a person who is not an officer or an agent of an officer takes property that is evidence of crime, without the effective consent of the owner and with the intent to turn over the property to an officer, the conduct may be non-criminal even though the person has intent to deprive the owner." 147 S.W.3d 398, 402 (Tex. Crim. App. 2004).

In *Jenschke,* the evidence was excluded because the parent's purpose in illegally entering the vehicle was to hold onto the evidence of a sexual assault, not to turn it over to law enforcement. *Id.* at 403. In the case before the Court, the Appellant moved to suppress the illegal *search* of his drive not the *seizure* of the drive. The drive itself was not the evidence of the alleged crime to be suppressed but rather the contents thereof which was found pursuant to an illegal search. The application by the Court of Appeals ignores the illegality of the initial search and later utilizes the law enforcement exception to wash away the taint of the illegal search.

The ruling of the Court of Appeal conflicts with this Court and other court of appeals decisions regarding the *Jenschke* law enforcement seizure exception and impermissibly expanded its application to searches and identification. This application is an important question of state and federal law that needs and should be settled by this Court.

*Ground Number Three – Breach of Computer Security*

The Court of Appeals erred in holding that the search of the Appellants flash drive was not in violation of Texas Penal Code § 33.02 and therefore not excluding its contents under Texas Code of Crim. Proc. art. 38.23.

The Court of Appeals relies heavily on the holdings in *Kneep v. State* for its conclusion that the private actor in the case before the Court had effective consent to access the flash drive of Appellant. No. 05-08-00002-CR, 2009 WL 638249 (Tex. App.—Dallas March 13, 2009, no pet.)(mem. op. not designated for publication).

The Appellant would argue that reliance on *Kneep v. State* is misplaced. In *Kneep v. State*, there was evidence that the office policy was to access an unattended computer and further that Kneep had attended the training regarding the policy. *Id* at 8. In the case before the Court, it was undisputed that the written policy of Schreiner University, where the flash drive was searched, specifically prohibited the search of one's computer and made specific reference to Texas Penal Code 33.02. (III RR at 62-64) referring to (II RR at 52-53). It is also undisputed that no person had received the consent of the Appellant to access the drive. (II RR at 38, 74). Further, the evidence in this case showed that although a search of the computer may have been the informal procedure of

15

the private person, no evidence was shown that the Appellant had any knowledge of the person's informal procedure. (II RR at 39).

This application is an important question of state and federal law that needs and should be settled by this Court.

*Ground Number Four – Failure to Address Trespassory Search*

The Court of Appeals erred in not addressing the Appellant's claim that the search of his flash drive was a "trespassory search". The Appellant argued on appeal, in the alternative, should the Court of Appeals find there was no expectation of privacy the search was subject to the "trespassory" search analysis reiterated by *United States v. Jones*, 132 S. Ct. 945 (2012). Justice Scalia writing for the Supreme Court held

> "[t]he Katz reasonable-expectation-of-privacy test has been added to, not substituted for, the common-law trespassory test." *Id.* at 952. "What we apply is an 18th-century guarantee against unreasonable searches, which we believe must provide at a minimum the degree of protection it afforded when it was adopted." *Id.*

The Court of Appeals wholly failed to address this issue on appeal and Appellant argues this is departing from the accepted and usual course of

judicial proceedings.  Further, this is an important question of state and federal law that needs and should be settled by this Court.

## PRAYER

For the reasons herein alleged, the Appellant contends that the Court of Appeals erred in overruling his Issues Presented for Review in Nos. 04-14-00004-CR, Nos. 04-14-00005-CR Nos. 04-14-00006-CR Nos. 04-14-00007-CR. Therefore, Appellant prays this Court grant this petition, order briefing, and upon reviewing the judgment entered below, reverse the judgment of the Court of Appeals and remand this case to the trial court to reverse its denial on Appellant's Motions to Suppress.

Respectively submitted,

The Law Office of Patrick O'Fiel, P.C.
The Schreiner Building
200 Earl Garrett, Ste. 206
Kerrville, Texas 78028
Tel: (830) 792-5291
Fax: (830) 257-9852

By:_____
 Patrick O'Fiel
 State Bar No. 24034606
 E-Mail: patrick@ofiellaw.com
 Attorney for Appellant

17

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was served on 216th District Attorney, Bruce Curry, attorney of record for the State of Texas, and the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 on March 25, 2015 by e-file and/or facsimile.

By:_____
　　　　Patrick O'Fiel

## CERTIFICATE OF COMPLAINCE

I certify that this document was produced on a computer using Microsoft Office and contains 2,153 words, as determined by the computer software's word count function.

By:_____
　　　　Patrick O'Fiel

# APPENDIX


### OPINION

Nos. 04-14-00004-CR, 04-14-00005-CR, 04-14-00006-CR, & 04-14-00007-CR

Devon Alexander **KANE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A1319, A1320, A1321, & A1332
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

This appeal stems from the trial court's denial of Appellant Devon Alexander Kane's motions to suppress photographs obtained on an unmarked, unlocked flash drive left in a classroom and discovered by employees of Schreiner University. Kane subsequently entered pleas of guilty; the trial court deferred a finding of guilt and placed Kane on deferred adjudication probation for a period of ten years in each case. We affirm the trial court's denial of Kane's motions to suppress for the following reasons: (1) Kane failed to establish a legitimate expectation of privacy in the

flash drive, and (2) Kane failed to establish that the evidence was obtained in violation of the law and thereby inadmissible under article 38.23 of the Texas Code of Criminal Procedure.

## FACTUAL BACKGROUND

On September 29, 2010, Kathleen Walker, the Director of Instructional Technology at Schreiner University, found an unmarked, black-colored flash drive in one of the campus classrooms. In an attempt to identify the owner of the flash drive, Walker inserted the flash drive into a computer on the university's computer network. Walker discovered documents belonging to Kane and also to another student. Walker continued examining the flash drive for something that would help identify the true owner. While looking through the flash drive's contents, Walker opened folders labeled "photos" and "music." Contained within these folders were pictures that Walker believed to be child pornography.

Walker immediately contacted Danny Flores, the university's Director of Security, and relayed her discovery and the identity of the student to whom she believed the flash drive might belong. Flores subsequently viewed the same documents on the flash drive before contacting Kerrville Police Officer Michael McDonald. The officers obtained a search warrant to search the contents of the flash drive and Kane was charged with possession of child pornography.

Kane filed two motions to suppress in each case, one based on Walker and Flores's search and one based on the search warrant, contending the unwarranted search of his flash drive violated his Fourth Amendment rights and constituted trespass. On December 18, 2013, following the trial court's denial of Kane's motions to suppress, Kane entered pleas of guilty and was sentenced to ten years deferred adjudication probation in each case. This appeal ensued. Because Kane's appellate briefs do not distinguish between the different motions, we address the motions simultaneously, including the arguments contained therein.

Because all of Kane's issues on appeal stem from the trial court's denial of his motions to suppress, we limit our discussion to the motions to suppress.

MOTIONS TO SUPPRESS

**A.      Standard of Review**

We review the trial court's denial of a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). A trial court's determination of historical facts will be given almost total deference, while the trial court's application of the law will be reviewed de novo. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court has the distinct advantage to make first-hand observations of a witness's demeanor during testimony on a motion to suppress; we, therefore, defer to the trial court's determination of "credibility of the witnesses and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *accord Valtierra*, 310 S.W.3d at 447; *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

**B.      Arguments of the Parties**

Kane asserts that the acts of Kathleen Walker and Danny Flores violated his Fourth Amendment rights, amounted to trespass, and violated section 33.02 of the Texas Penal Code; Kane also contends he had a reasonable expectation of privacy in the flash drive.

We address each assertion individually.

**C.**    **Analysis**

    *1.*    *Reasonable Expectation of Privacy*

        a.    <u>Arguments of the Parties</u>

Kane contends that by storing information on a flash drive he manifested a reasonable expectation of privacy. The State argues that Kane failed to demonstrate that merely storing information on a flash drive that is not password protected, not marked with personal identifiers, and not locked in a locked case, manifests a reasonable expectation of privacy.

Both parties agree that Walker and Flores were individual citizens and not working under the direction of law enforcement. Kane contends that the exclusionary rule applies to illegal searches conducted by either law enforcement personnel or private citizens. The State counters the exclusionary rule is inapplicable in this case because Kane's flash drive was effectively abandoned, or in the alternative, Walker and Flores took the flash drive with the intent to turn the drive over to law enforcement.

        b.    <u>Proof of Reasonableness of an Alleged Expectation of Privacy</u>

"The purpose of both the Fourth Amendment and Article I, section 9 of the Texas Constitution is to safeguard an individual's legitimate expectation of privacy from unreasonable governmental intrusions." *Rogers v. State*, 113 S.W.3d 452, 456–57 (Tex. App.—San Antonio 2003, no pet.) (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)). To prevail on an alleged exclusionary rule violation, a defendant must first establish his standing to challenge the admission of the evidence obtained by proof that he had a legitimate expectation of privacy in the place invaded. *See* TEX. CODE CRIM. PROC. ANN. art 38.23 (West 2005); *Villarreal*, 935 S.W.2d at 138; *see also Chavez v. State*, 9 S.W.3d 817, 819–20 (Tex. Crim. App. 2000). "The Texas exclusionary rule applies to *illegal searches or seizures* conducted by law enforcement officers or 'other persons,' even when those other persons are not acting in conjunction with, or at

the request of, government officials." *Miles v. State*, 241 S.W.3d 28, 36 (Tex. Crim. App. 2007) (emphasis added). Importantly, "[o]nly those acts which violate a person's privacy rights or property interests are subject to the state . . . exclusionary rule." *Id.* at 36 n.33 (citing *Chavez v. State*, 9 S.W.3d 817, 822–23 (Tex. Crim. App. 2000) (Price, J., concurring)).

The defendant bears "the burden of proving facts establishing a legitimate expectation of privacy." *Villarreal*, 935 S.W.2d at 138 (citing *Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988)). "To carry this burden, the accused must normally prove: (a) that by his conduct, he exhibited an actual subjective expectation of privacy, i.e., a genuine intention to preserve something as private; and (b) that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable." *Villarreal*, 935 S.W.2d at 138 (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)).

      c.    <u>Analysis</u>

We first address Kane's subjective expectation of privacy and whether any such expectation was objectively reasonable.

      (1)    Kane's Subjective Expectation of Privacy

The Austin Court of Appeals' analysis in *Miller v. State*, 335 S.W.3d 847 (Tex. App.—Austin 2011, no pet.), is instructive. Miller, an officer with the Elgin Police Department, left his personal thumb drive in the department's patrol room computer after printing a copy of his daily activity report. *Id.* at 851, 856. The thumb drive was left attached to the computer located at the front desk of the patrol room and discovered by another officer attempting to use the computer. *Id.* at 851. The thumb drive did not have Miller's name or marks identifying the drive as Miller's. *Id.* One of the Elgin Police Department officers logged onto the computer and opened the drive in an attempt to return the thumb drive to its rightful owner. *Id.* In doing so, the officer found a photograph he considered pornographic and the thumb drive was turned over to his supervisor. *Id.*

The court found that Miller did not exhibit an actual subjective expectation of privacy. *Id.* at 854–55.

The court identified several factors in determining whether Miller possessed a subjective expectation of privacy. Miller had previously left the thumb drive in the patrol room which was accessible to other officers, city personnel, and citizens accompanied by officers. *Id.* at 855. Additionally, the thumb drive did not contain any identifying markers that would "necessarily identify the drive as [Miller's], *id.* at 853; and finally, Miller did not take any precautions to prevent others from accessing the information contained on the thumb drive, such as use of a password or encrypted data, *id.* at 855.

This case is factually similar to that of *Miller*. Walker found the flash drive in a public computer, in a classroom at Schreiner University. At a minimum, the classroom was available to other students, faculty, and staff of the University. The flash drive did not have any identifying marks suggesting the identity of its owner and was not password protected, encrypted, or locked. Moreover, unlike Miller, Kane did not testify during the hearing on the motions to suppress and did not provide testimony as to his subjective expectation of privacy.

We, therefore, conclude that the trial court could have reasonably concluded that Kane's conduct did not exhibit an actual subjective expectation of privacy in the flash drive. *Id.* at 855; *see also Villarreal*, 935 S.W.2d at 138.

Even assuming Kane possessed a subjective expectation of privacy, to establish a legitimate expectation of privacy, Kane also had to prove that his expectation was objectively reasonable under the circumstances. *See Miller*, 335 S.W.3d at 855; *see also Villarreal*, 935 S.W.2d at 138.

(2)     Objective Reasonableness of Kane's Expectations

The Texas Court of Criminal Appeals identified several factors that courts may consider in determining whether an individual's expectation of privacy is objectively reasonable:

(1)     whether the accused had a property or possessory interest in the place invaded;
(2)     whether he was legitimately in the place invaded;
(3)     whether he had complete dominion or control and the right to exclude others;
(4)     whether, prior to the intrusion, he took normal precautions customarily taken by those seeking privacy;
(5)     whether he put the place to some private use; and
(6)     whether his claim of privacy is consistent with historical notions of privacy.

*See Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002) (citing *Villarreal*, 935 S.W.2d at 138). "This list of factors is not exhaustive, however, and none is dispositive of a particular assertion of privacy; rather, we examine the circumstances surrounding the search in their totality." *Id.*

This court previously noted that these factors "are more applicable when discussing the expectation of privacy in a place than in discussing the expectation of privacy in a computer hard drive or even a closed container." *Rogers v. State*, 113 S.W.3d 452, 457 (Tex. App.—San Antonio 2003, no pet.). Although Kane did not testify at the hearing on the motions to suppress, there is sufficient evidence to support the trial court's conclusion that the flash drive belonged to Kane. *See Miller*, 335 S.W.3d at 855. Once again, *Miller* is instructive in analyzing the remaining factors. *See id.* at 855–56 (applying *Granados*, 85 S.W.3d at 223). Here, the trial court "could have reasonably inferred that in order to return the drive to [Kane], others must have taken temporary possession of the drive and possibly accessed it to ascertain whether it belonged to [Kane]." *Miller*, 335 S.W.3d at 856. Kane left the flash drive in a classroom and did not mark it with his name or other identifying information and did not password protect or take other precautions to prevent others from viewing the information. *See Granados*, 85 S.W.3d at 223; *Miller*, 335 S.W.3d at 856.

Thus, "[Kane] did not exercise complete dominion or control over the drive, at least during the times he had misplaced it." *Miller*, 335 S.W.3d at 856.

We conclude, like in *Miller*, that the trial court did not abuse its discretion in finding the circumstances did not rise to a level that any subjective expectation by Kane was objectively reasonable. *Id.*; *see also Villarreal*, 935 S.W.2d at 138.

(3) Walker's and Flores's Intent in Taking Possession of the Flash Drive

Although the State argues the flash drive was abandoned, the trial court did not make such a finding. We, therefore, turn to Walker's and Flores's intent in taking possession of the flash drive. The court's analysis in *Jenschke v. State*, 147 S.W.3d 398, 399 (Tex. Crim. App. 2004), provides guidance. In *Jenschke*, after their teenage daughter reported being sexually assaulted by a relative, the parents broke into Jenschke's vehicle and retrieved a box that contained a used condom. *Id.* The parents took the box and an adult video out of the vehicle. *Id.* Over two years later, the parents turned the evidence over to law enforcement. *Id.*

The court explained that when an individual, acting in their individual capacity and not as "an officer or an agent of an officer[,] takes property that is evidence of crime, without the effective consent of the owner and with the intent to turn over the property to an officer, the conduct may be non-criminal even though the person has intent to deprive the owner." *Id.* at 402. However, when the victim's parents broke into the vehicle, they intended to deprive Jenschke of the property; they did not take the property with the intent to turn it over to law enforcement. *Id.* Therefore, the parents violated the law against burglary of the vehicle. *Id.* at 403. Because the parents took possession of the property with the intent to hold on to the property, and had not yet decided to turn the property over to law enforcement, the evidence was properly excluded. *Id.*

Walker's testimony was to the contrary. As university employees, both Walker and Flores were permitted to be in the classroom where the flash drive was left. Walker initially viewed the flash drive to identify the owner's identity. When she discovered the pornographic images, she immediately took the flash drive to Flores, the head of security. Walker's intent clearly changed from simply identifying the owner of the flash drive to turning over the flash drive to law enforcement based on its content that she believed were potentially illegal. After Flores reviewed the images, the flash drive was immediately turned over to law enforcement.

The evidence supports a reasonable inference that Walker, and subsequently Flores, took the flash drive with the intent to turn the evidence over to law enforcement. *See Jenschke*, 147 S.W.3d at 402; *Carlson v. State*, 355 S.W.3d 78, 80–81 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Krause v. State*, 243 S.W.3d 95, 104–05 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

### d.    Conclusion

The record supports that the trial court could have reasonably concluded that Kane's conduct did not exhibit an actual subjective expectation of privacy in the flash drive. *See Miller*, 335 S.W.3d at 855; *see also Villarreal*, 935 S.W.2d at 138. Additionally, we conclude Kane similarly failed to sustain his burden that any expectation he may have possessed was objectively reasonable. *See Miller*, 335 S.W.3d at 855; *see also Villarreal*, 935 S.W.2d at 138. Finally, even without the trial court's finding that the flash drive was abandoned, we cannot say the trial court erred in concluding that both Walker and Flores took the flash drive with the intent to turn the evidence over to law enforcement. *See Jenschke*, 147 S.W.3d at 402. We, therefore, overrule Kane's first two issues on appeal.

We next turn to Kane's issues associated with trespass and consent to search.

*2.      Trespass and Consent to Search*

a.      <u>Arguments of the Parties</u>

Kane asserts the searches conducted by Walker and Flores constituted trespass when they obtained information from his personal property without his permission and without a warrant. Kane contends that his failure to password protect the information on his flash drive, mark the flash drive with personal identification information, or store the flash drive in a locked container, as well as his leaving the flash drive unattended, did not amount to consent to search the flash drive.

The State counters that because Kane's abandonment of his flash drive was voluntary, no trespass was committed by either Walker or Flores.

b.      <u>Exclusion of Evidence Obtained in violation of Texas Penal Code section 33.02 - Breach of Computer Security</u>

Kane's argument relies on Texas Penal Code section 33.02's prohibition against a "person knowingly accesses[ing] a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE ANN. § 33.02(a) (West Supp. 2014). In this case, Kane contends the record does not support either actual consent or implied consent. *See Baird v. State*, 398 S.W.3d 220, 229 (Tex. Crim. App. 2013). Because Walker and Flores allegedly accessed Kane's flash drive without his effective consent, Kane asserts any evidence obtained through their actions was illegally obtained and should be suppressed pursuant to article 38.23 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.").

"If a defendant challenges the admissibility of evidence under this article on the ground it was wrongfully obtained by a private person in a private capacity, the defendant must establish that the private person obtained that evidence in violation of law." *Mayfield v. State*, 124 S.W.3d 377, 378 (Tex. App.—Dallas 2003, pet. ref'd) (citing *Carroll v. State*, 911 S.W.2d 210, 220 (Tex. App.—Austin 1995, no pet.)); *see also Baird v. State*, 379 S.W.3d 353, 357 (Tex. App.—Waco 2012), *aff'd*, 398 S.W.3d 220 (Tex. Crim. App. 2013); *Dipple v. State*, No. 05-12-00114-CR, 2013 WL 222277, at *1 (Tex. App.—Dallas Jan. 14, 2013, no pet.) (mem. op., not designated for publication). We must, therefore, determine whether Walker and Flores violated the law in obtaining the evidence in question.

### c.    Analysis

We find the Dallas Court of Appeals' analysis in *Knepp v. State*, No. 05-08-00002-CR, 2009 WL 638249, at *3 (Tex. App.—Dallas Mar. 13, 2009, no pet.) (mem. op., not designated for publication), instructive. Knepp used his personal laptop for work purposes. *Id.* at *1. When he left his laptop unsecured, another employee attempted to set a new background image on Knepp's computer and accessed his "'my documents' folder to find a funny picture." *Id.* The pictures contained child pornography and Knepp's supervisor contacted the police. *Id.*

Knepp's co-worker testified that he followed office protocol by accessing a co-worker's unsecured computer and changing a setting to alert the owner that the computer had been left unsecured. *Id.* at *3. The court concluded that "[b]y leaving his computer open and unsecured, [Knepp] knew he was leaving it for his coworkers to access" and "the trial court could reasonably conclude that [the co-worker] had [Knepp's] effective consent to access the computer." *Id.* at *4.

This case is comparable. Walker testified that she routinely checked the computer lab and classroom for articles left by students or faculty and regularly discovered flash drives. She further

testified that doing so was part of her "standard operating procedure" and that the only reason she viewed the information on the flash drive was to facilitate returning the flash drive to its owner.

We conclude the trial court could have reasonably determined that by examining an unmarked and unlocked flash drive left in a common-use computer facility, Walker did not violate Texas Penal Code section 33.02 and that she had Kane's effective consent to access the flash drive. *Id.* Because Walker did not violate section 33.02, Kane failed to prove the evidence should have been excluded under article 38.23. *Mayfield*, 124 S.W.3d at 378.

We, therefore, overrule Kane's third and fourth issues on appeal.

## CONCLUSION

Having overruled each of Kane's issues, we affirm the trial court's denial of Kane's motions to suppress.

Patricia O. Alvarez, Justice

PUBLISH